UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Terrence Lamont Thompson,

　　　　　　　　　　　　　　　　　　　　　Case No. 25-mc-50414
　　　　　　　　　　　　　　　　　　　　　Honorable Linda V. Parker

_____/

**<u>OPINION & ORDER SUMMARILY DISMISSING</u>**

This miscellaneous action was opened by the Clerk's Office upon receipt of documents from Terrence Lamont Thompson. (ECF No. 1.) The documents, which bear the heading "Erie Indian Moundbuilders Tribal Court," address the "correction" of Thompson's name. (*Id*.) The Court is summarily dismissing the matter because it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action if it determines at any time that subject-matter jurisdiction is lacking); *Apple v. Glenn*, 183 F.2d 477, 480 (6th Cir. 1999) (indicating that sua sponte dismissal is appropriate where the plaintiff's allegations are insufficient to invoke subject matter jurisdiction).

Federal courts are courts of limited jurisdiction, with "only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Generally, federal district court jurisdiction is limited to where a "federal question" is presented, or the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1132. "No authority vests with the federal

courts to grant a name change." *United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007); *see also In re Smith*, No. 23-mc-00136, 2024 WL 474536 (D.D.C. Feb. 5, 2024) (dismissing for lack of jurisdiction action for a judgment validating the petitioner's name change); *Norington v. Indiana*, No. 3:13-cv-184, 2013 WL 1332794, at *2 (N.D. Ind. April 1, 2013) (finding that the plaintiff failed to state a claim, in part, because she is asking the court to change her name, but the court lacks the authority to do so). If Thompson wishes to change his name or have the government recognize a name change, he must follow the procedures provided under State law. *Id*.

Accordingly,

**IT IS ORDERED** that this matter is summarily **DISMISSED WITH PREJUDICE**.

                                                                 s/ Linda V. Parker  
                                                                 LINDA V. PARKER  
                                                                 U.S. DISTRICT JUDGE

Dated: April 22, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 22, 2025, by electronic and/or U.S. First Class mail.

                                                                  s/Aaron Flanigan  
                                                                  Case Manager